**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 18 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARITZA AGUILUZ PELAGIO, ET AL. | No. 22-297 |
| Petitioner, | Agency Nos. |
| v. | A206-915-213, A206-915-214, A206-915-215 |
| MERRICK B. GARLAND, Attorney General, | |
| | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 13, 2023[**]
Pasadena, California

Before: WALLACH,[***] CHRISTEN, and OWENS, Circuit Judges.

Petitioners Maritza Aguiluz Pelagio and her children, J.D.A.A. and Y.A.A.,

natives and citizens of Mexico, petition for review of the Board of Immigration

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Evan J. Wallach, United States Senior Circuit Judge for the Federal Circuit, sitting by designation.

Appeals' (BIA) order dismissing their appeal of an Immigration Judge's (IJ) order denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Because the parties are familiar with the facts, we do not recount them here.

We have jurisdiction under 8 U.S.C. § 1252. Where, as here, the BIA adopts the IJ's reasoning, we review both decisions. *Garcia-Martinez v. Sessions*, 886 F.3d 1291, 1293 (9th Cir. 2018). We review legal conclusions de novo and factual findings for substantial evidence. *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022). We deny the petition.

1. Substantial evidence supports the BIA's determination that Petitioners did not demonstrate a nexus between their feared harm and a protected ground for their asylum and withholding of removal claims. Aguiluz Pelagio testified that the "only" reason intruders came to her home was because they wanted money, not because of her relationship to her husband's uncle, L. Ascension Acuna. The IJ found that Mr. Acuna's brother has been able to remain in Mexico without being harmed, and the BIA affirmed this finding. Because the alleged persecutors were motivated by economic reasons and did not act on account of Petitioners' family membership, the BIA correctly concluded that Petitioners had not established a nexus between their feared harm and their proposed particular social group. *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1020 (9th Cir. 2023) (explaining that

2

precedent precludes relief when persecution is "solely on account of an economic motive" (quoting *Baballah v. Ashcroft*, 367 F.3d 1067, 1075 n.7 (9th Cir. 2004))); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). Because "lack of a nexus to a protected ground is dispositive of [Petitioners'] asylum and withholding of removal claims," *Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016), we do not consider Petitioners' other arguments.

2. Substantial evidence also supports the Agency's denial of Petitioners' CAT claim on the grounds that they failed to demonstrate a likelihood of torture if returned to Mexico. Petitioners' claim that the Mexican government's alleged inability to stop cartel violence "increases the possibility of" Petitioners facing torture fails to meet the required standard. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam). Moreover, the IJ noted that Petitioners' extended family, including Aguiluz Pelagio's parents and her husband's uncle, have been able to remain safely in Mexico notwithstanding the dangers from criminal elements. Accordingly, the Agency correctly concluded that Petitioners failed to carry their burden of proof on their CAT claim.

The stay of removal remains in place until the mandate issues.

**PETITION DENIED.**

3